787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM TURBERVILLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1361
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MERRITT and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an apeal from denial of the plaintiff's second application for social security disability benefits. This court affirmed denial of plaintiff's first application in an unpublished opinion on March 15, 1983. While the appeal was pending in the first case, the plaintiff filed the current application alleging that he was entitled to disability benefits because of a 'back injury.' After an ALJ denied benefits the Appeals Council considered additional evidence submitted as part of the record before affirming the decision of the ALJ. The decision of the Appeals Council which became the final decision of the Secretary was appealed to the district court and affirmed there.
 
 
 2
 On appeal to this court the plaintiff contends that the decision of the Secretary is not supported by substantial evidence, arguing that there is no evidence that he can perform a full range of light work.
 
 
 3
 The plaintiff is 45 years old, with a ninth grade education and was employed as an equipment operator prior to suffering a work-related injury on March 23, 1979. Various medical reports in 1979 and 1980 contained diagnoses of various back conditions which would prevent heavy work but not light work or work that did not require heavy lifting and bending. Plaintiff suffered the second injury in February 1982 which he maintained either aggravated his preexisting back injury or caused additional injury. In June 1983 plaintiff's treating physician since 1979 reported a decrease in range of motion of the lumbar spine, but concluded that the condition was 'not disabling.' Later the same year this physician stated that the plaintiff was totally disabled from any gainful occupation for the foreseeable future and that his prognosis was 'guarded to poor.'
 
 
 4
 The ALJ found that the plaintiff is unable to perform his past relevant work, but retains the residual functional capacity to perform a full range of light work. On this basis the ALJ found that the plaintiff was not disabled despite the fact that he suffered back injuries and has degenerative osteoarthritis in the lumbar spine.
 
 
 5
 Upon consideration of the briefs and record on appeal, the parties having waived oral argument, this court concludes that the decision of the Secretary, affirmed by the district court, is supported by substantial evidence. The ALJ did not err in concluding that the plaintiff retains the residual functional capacity to perform a full range of light work and, accordingly, the plaintiff was not under a disability as defined in the Social Security Act.
 
 
 6
 The judgment of the district court is affirmed.